441 So.2d 82 (1983)
STATE of Louisiana
v.
Robert EVANS, Jr.
No. 16,087-KW.
Court of Appeal of Louisiana, Second Circuit.
November 23, 1983.
M. Randal Fish, Shreveport, for appellant.
A.M. Stroud, III, Asst. Dist. Atty., Shreveport, for appellee.
Before PRICE, MARVIN and SEXTON, JJ.
MARVIN, Judge.
WRIT OF REVIEW DENIED, STAY ORDER RECALLED.
We stayed execution of sentence to consider this application for a writ of review from a conviction for possession of marijuana. The application and accompanying transcript of the hearing on applicant's motion to suppress reveals these circumstances:
Two policemen stopped applicant for speeding and noticed that applicant appeared and smelled as if he had been drinking. While one officer administered a field sobriety test, the other looked into applicant's vehicle to see if there was any evidence of alcohol. This officer saw a beer bottle partially wrapped in a napkin between the front seats of the car. He opened the door, retrieved the bottle and the ends of two plastic baggies appeared when the bottle was pulled from between the seats. The officer said:
"I pulled both the bags up to see if it could have been a sandwich, it could have been drugs or something like that ... We have in the past seen a lot of drugs, marijuana, contraband that was wrapped in plastic bags, much like a sandwich bag *83 ...and the first thing I thought of when I saw the ends of the bags was drugs or marijuana so I pulled the bags up."

Applicant does not question the validity of the stop for the speeding violation or that the beer bottle was in plain view of the officer.
The plastic bags were "suspicious" containers which came into plain view of the officer. The officer did not "search" for the plastic bags. They were not initially in plain view because they were hidden by the napkin-wrapped beer bottle which was in plain view.
Seizure of property in plain view by an officer who has the right to be where he is involves no invasion of privacy and may be found reasonable if there is probable cause to associate that property with criminal activity. Probable cause in such a situation is a "practical and nontechnical" probability that incriminating evidence is involved, determined by the totality of the circumstances confronting the officer. See State v. Knowles, 438 So.2d 648 (La.App. 2d Cir.1983), discussing Texas v. Brown, ___ U.S. ___, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983).
The trial court correctly overruled applicant's motion to suppress. Further review is not warranted and the order previously issued by this court staying execution of applicant's sentence is recalled.