446 So.2d 1376 (1984)
STATE of Louisiana
v.
Clinton J. FARBER.
No. 83 KA 0929.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
Writ Denied May 4, 1984.
*1377 Ossie B. Brown, Dist. Atty. by Richard Chaff in, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Sam J. D'Amico, Baton Rouge, for defendant-appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
On January 26, 1983, Clinton Farber (defendant) was charged by indictment with possession with intent to distribute cocaine, in violation of La.R.S. 40:967(A) and (F). He later pled guilty,[1] and pursuant to a plea bargain was sentenced to five years at hard labor without benefit of parole, probation or suspension of sentence and with credit for time served on this charge. Defendant appeals his conviction, alleging one assignment of error.
*1378 FACTS
On January 22, 1983, a confidential informant (C.I.) working with the East Baton Rouge Sheriff's Office provided deputies with a substance purchased from Ellis J. Hymel, Jr., which proved to be cocaine.
On January 25, 1983, the C.I. told deputies that Hymel was receiving a large shipment of cocaine later that night from a man coming from New Orleans and was to deliver five ounces of cocaine to him. Sgt. David Schultz set up a surveillance inside the C.I.'s apartment while Capt. Michele Fourrier and other deputies watched Hymel's apartment located at 1221 Bob Pettit Avenue. As the night progressed, Hymel telephoned the C.I. and told him that his man from New Orleans had not yet arrived but would be there soon. After 11:00 p.m., Fourrier and his men saw a white Chevrolet automobile with a "B" license plate[2] arrive at Hymel's apartment. Defendant went into Hymel's apartment carrying a nylon gym bag. Then Hymel called to tell the C.I. that the man was at his apartment but did not want to do the deal there because there were too many people in the apartment. Hymel told the C.I. that he would bring a sample over, which he did. Hymel then returned to his apartment. Schultz field tested the substance, and it proved to be cocaine. Fourrier and his men watched Hymel and also his apartment during the entire proceeding. Hymel again left his apartment about 12:30 to deliver the remaining four ounces of cocaine. Fourrier and Lt. Steve Doerner arrested Hymel a few blocks away from his apartment, near the intersection of Burbank and Jennifer Jean Streets. They found a bag of cocaine on the floorboard of Hymel's car.
Meanwhile Schultz went to prepare a search warrant for Hymel's apartment. Fourrier, accompanied by several deputies including Lt. Doerner and Deputy Mary Kuntz, returned to Hymel's apartment. Kuntz was instructed to knock on Hymel's door. She knocked and asked for Ellis. When the door opened Fourrier and the other deputies, with drawn guns, entered the apartment where they found defendant and four unnamed individuals. Defendant was standing in the kitchen holding a .45 caliber automatic. He was told to drop the gun, which he did. He and the others were arrested and handcuffed, and the apartment was secured. As defendant was arrested, the deputies noticed a nylon gym bag which was unzipped at his feet. Protruding therefrom was a plastic baggie containing a white powdery substance. After the apartment was secured and the occupants restrained, the deputies waited until Schultz called to advise that the warrant had been issued. The apartment was then searched. The substance seen in the gym bag proved to be cocaine.
ASSIGNMENT OF ERROR
Defendant contends that the trial court erred by denying his motion to suppress because the cocaine contained in the gym bag was seized unlawfully, as the deputies had no probable cause to arrest him, and exigent circumstances did not exist to excuse the warrantless entry into Hymel's apartment.
A search conducted without a warrant issued upon probable cause is per se unreasonable and is subject to only a few specifically established exceptions. One of those exceptions is a search incident to a lawful arrest. This particular search, however, is limited to the area within the arrestee's immediate control. State v. Drott, 412 So.2d 984 (La.1982). Here, the cocaine was between the feet of defendant in plain view and in an area within his immediate control. Thus, the evidence was the product of a valid search if defendant's arrest was valid. We find that the issue presented here is whether the warrantless entry of Hymel's apartment to make a warrantless arrest of defendant was valid.
*1379 It is a basic principle of the U.S. Fourth Amendment that searches and seizures inside a home without a warrant are presumptively unreasonable. In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be erased without a warrant. Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 1380, 63 L.Ed.2d 639 (1980). A search warrant must also be obtained, absent exigent circumstances or consent, to enter the house of a third party to search for the subject of an arrest warrant. See Steagald v. United States, 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981).
Although no arrest warrant was issued for defendant, La.C.Cr.P. art. 213 provides that a warrantless arrest may be made when there is "reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer."
The Louisiana Supreme Court in State v. Brown, 395 So.2d 1301, 1309 (La.1981), stated:
The standard for probable cause was recently enunciated in State v. Collins, 378 So.2d 928 (La.1980), where this Court reasoned:
"Probable cause to arrest exists when facts and circumstances within the arresting officer's knowledge and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. State v. Wilkens, 364 So.2d 934 (La.1978); State v. Johnson, 363 So.2d 684 (La.1978); State v. Marks, 337 So.2d 1177 (La.1976). Although mere suspicion cannot justify an arrest, State v. Thomas, 349 So.2d 270 (La.1977), the officer does not need sufficient proof to convict. State v. Randolph, 337 So.2d 498 (La.1976).
"One of the most important elements in determining whether probable cause existed is satisfied when the police know a crime has actually been committed. When a crime has been committed and the police know it, they only have to determine whether there is reasonably trustworthy information to justify a man of ordinary caution in believing the person to be arrested has committed the crime. In many cases the police do not know that a crime has been committed. When the arrest or search is made when the police do not know that a crime has been committed, more and better evidence is needed to prove that probable cause exists for the arrest than is the case when the police know a crime has been committed. State v. Johnson, supra."
The deputies were informed that someone arriving late that night from New Orleans would be delivering cocaine to Hymel. Defendant arrived after 11:00 p.m. in an automobile with a "B" license plate and entered Hymel's apartment carrying a nylon gym bag. Shortly thereafter, Hymel delivered a sample of cocaine to the C.I. After Hymel left his apartment a second time, he was arrested and four ounces of cocaine were found in his car. Defendant remained in Hymel's apartment. Given these facts, we agree with the trial judge that the deputies had reason to believe defendant was involved in the crime and had, in fact, supplied Hymel with the cocaine. The arrest was legal.
A question also arises regarding the warrantless entry into Hymel's apartment. While warrantless entries into a person's home are "per se" unreasonable, Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), they may be justified where sufficient exigent circumstances exist. Vale v. Louisiana, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970); McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948).
Fourrier testified that he went immediately back to Hymel's apartment without a warrant because:
Well, we stopped him, like I said before, at this Jennifer Jean, uh, Burbank area which is a straight street from the Tigerland *1380 Apartment Complex area into the rest of the town, as it were, and I knew the traffic patterns. I knew if anybody would happen to know Mr. Hymel and see us stopping his car right thereI mean it was obvious who we werethat word may get back to the apartment. And I also knew that Mr. Farber was from New Orleans and there was a chance he may leave your jurisdiction. He had committed a crime and I thought it prudent for us to go and make sure he didn't leave.
Fourrier further explained his actions as follows:
That's true, we did not have the warrant on the premises, that's correct. I thought it prudent to use a ruse because previous dealings with people who are dealing with cocaine, which is worth a lot of money, I thought they would be armed. I also thought that there was a chance that the evidence could be destroyed. I thought that we should go in at the time when I ordered it because of the fact that we stopped Mr. Hymel in a high traffic area where a lot of people may know him living in the apartment complex, and also I believed Mr. Farber had committed a crime, and I believed he was from New Orleans. And I also believed that I should arrest him prior to him leaving our jurisdiction. And I also thought, you know that was the way I should handle the case.
In State v. Hathaway, 411 So.2d 1074, 1079 (La.1982), the Louisiana Supreme Court stated:
Probable cause alone does not justify the entry into an area otherwise protected by the Fourth Amendment of the United States Constitution and the Louisiana Constitution, Article 1, Section 5. There is a justified intrusion of a protected area if there is probable cause to arrest and exigent circumstances. State v. Rudolph, 369 So.2d 1320 (La.1979). Exigent circumstances are exceptional circumstances which when coupled with probable cause justify an entry into a "protected" area that, without those exceptional circumstances, would be unlawful. Examples of exigent circumstances have been found to be escape of the defendant, avoidance of a possible violent confrontation that could cause injury to the officers and the public, and the destruction of evidence.
The trial judge, denying the motion to suppress, stated:
What was Fourrier to do, take the chance that someone familiar with Hymel witnessed his arrest in the vicinity of his apartment and send for an arrest warrant and hope that Farber would not leave in the meantime. A confrontation outside of the apartment could have been violent, placing lives in great jeopardy. If ever there be exigent circumstances they certainly are presented in the circumstances surrounding this arrest.
We agree that exigent circumstances existed. Since Hymel was arrested only a few blocks away, there was a possibility that someone would witness the arrest and alert defendant, who remained nearby in the apartment. As a result, the evidence might have been destroyed. In addition, there was a possibility of a violent confrontation. Finally, defendant knew how long it took Hymel to deliver the first sample of cocaine. Any unusual delay in his return would have further aroused defendant's suspicion, and he could have quickly left the apartment and the deputies' jurisdiction.
Exigent circumstances necessitated the warrantless entry into Hymel's apartment. The deputies had probable cause to arrest defendant. So the evidence was properly seized, and the trial court was correct in denying the motion to suppress. Defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] In pleading guilty, defendant reserved his right to seek appellate review of the ruling which denied his motion to suppress. See State v. Crosby, 338 So.2d 584 (La.1976).
[2] A Louisiana license plate which has a "B" in the number indicates that at the time of issuance it was registered to someone residing within the State Police Troop B area which includes New Orleans.