456 So.2d 186 (1984)
STATE of Louisiana
v.
Jack TUESNO and Lionel Williams.
No. KA 1822.
Court of Appeal of Louisiana, Fourth Circuit.
August 31, 1984.
*188 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Crim. Div., Harry F. Connick, Dist. Atty., Mary Charlotte McMullan, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Evangeline G. Abriel and Calvin Johnson, Supervising Attys., Loyola Law School Clinic, New Orleans, for defendant-appellant.
Before GARRISON and WARD, JJ., and L. JULIAN SAMUEL, J., Pro Tem.
GARRISON, Judge.
The defendants, Jack Tuesno and Lionel Williams, were charged by bill of information with illegal possession of stolen things valued in excess of $500.00 in violation of La.R.S. 14:69(B)(1). The trial judge found the defendants guilty of the lesser included offense of possession of stolen things valued at $100.00 or more, but less than $500.00. Pursuant to La.R.S. 15:529.1, the State filed a multiple bill against each defendant. Both defendants pled guilty to the multiple bill and were each sentenced to serve four years at hard labor. Defendant Tuesno appeals his conviction and sentence. Defendant Williams does not appeal.
The facts of this case are as follows: On April 10, 1983, Sergeant John Evans of the New Orleans Police Department received a call from a reliable informant who told him that drug dealings and other criminal activity had been taking place near Rampart Street and Martin Luther King Boulevard. Sergeant Evans set up a surveillance of this area at approximately 4:45 p.m. that afternoon. At approximately 8:00 p.m., a blue Cadillac drove up to this area. Sergeant Evans recognized the car as belonging to someone who he had recently arrested on a drug charge and who is presently serving a prison sentence. The occupants of this car, Jack Tuesno, Lionel Williams and Herbert Hall, got out of the car and walked around. During the next two hours, the three men brought between ten and twenty people to the car and showed them something in the back seat and in the trunk of the car. One of the first people to be shown the contents of this car was Joe Pollard, the owner of a nearby grocery store. Shortly thereafter, Tuesno, Williams and Hall lifted a side of beef out of the trunk of the car and delivered it to Pollard's store. At this time, it became apparent to Sergeant Evans that this meat was probably stolen. After the delivery to Pollard's store, Williams approached a man named Polly who manages the nearby Pete's Fish Fry King. Williams showed Polly the contents of the car and Polly then nodded his head in an affirmative manner. At approximately 10:30 p.m., Tuesno, Williams and Hall got back into the car and drove away. Suspecting that the contents of the car were stolen, Sergeant Evans radioed to a nearby police car and asked the officers in that car to stop the vehicle. The policemen stopped the vehicle and found two sides of beef in the car. A third side of beef was later recovered from Pollard's store.
Sergeant Evans called police headquarters and learned that three sides of beef had been stolen that day from a truck owned by Blankenship Transportation which was delivering a truckload of beef from Abilene, Texas to New Orleans. Evans then placed the three suspects under arrest and advised them of their rights. After being advised of his rights, defendant Tuesno admitted to Sergeant Evans that they were planning to sell the other two sides of beef to Polly. However, the defendants told Evans that they had received the meat from a friend who works at a meat packing company.
At trial, Bobby Drain, a truck driver for Blankenship Transportation testified that he was delivering sixty sides of beef from Abilene, Texas to Bar "S" Foods in New Orleans. He arrived in New Orleans on Sunday, April 10, 1983 at approximately *189 10:00 a.m. Because Bar "S" Foods was not open on Sunday, Drain parked his truck in their driveway and left. He returned at approximately 7:30 p.m. to ensure that the doors on his truck were sufficiently locked. The locks were secure at 7:30 p.m. but Drain returned to check again at 10:30 p.m. only to find that the lock on the rear door had been broken and that three sides of beef had been stolen.
Gordon Brock, the meat manager for Bar "S" Foods, testified at trial as to the value of the stolen meat. He stated that he specifically remembered these three sides of beef which were returned to Bar "S" following their recovery by police and estimated that the total value of the three pieces of meat was $520.00. However, on cross-examination, Brock conceded that according to a different method of valuation, the value of the meat was $454.84. Brock stated unequivocally that the meat had a value in excess of $100.00.
A review of the record reveals that there are no errors patent.

ASSIGNMENT OF ERROR # 1
Defendant contends that the trial judge erred in denying his motion to suppress. The main argument is that the arrest of the defendant and the search of his vehicle was unlawful and that, therefore, any evidence obtained from this arrest and search should have been ruled inadmissible at trial.
In this case, no warrant was obtained for the arrest of the defendant or for the search of his vehicle and seizure of its contents. A warrantless arrest must be based on probable cause. State v. Nicholas, 397 So.2d 1308 (La.1981). Probable cause to arrest exists when facts and circumstances within the arresting officer's knowledge and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. State v. Davis, 407 So.2d 666 (La.1981). The same standard applies for warrantless searches. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). As stated in State v. Collins, 378 So.2d 928 (La.1979):
"When the arrest or search is made when the police do not know that a crime has been committed, more and better evidence is needed to prove that probable cause exists for the arrest than is the case when the police know a crime has been committed."
Furthermore, the circumstances upon which the arresting officer acts must show that criminal conduct is more probable than non-criminal activity. State v. Herbert, 351 So.2d 434 (La.1977).
In this case, Sergeant Evans received information from a reliable informant that criminal activity including exchanges of stolen property had been taking place recently in the area of Rampart Street and Martin Luther King Boulevard. Sergeant Evans personally observed the defendant and two other men stop in the area on the evening of Sunday, April 10, 1983. He watched the three men show the contents of the car including the trunk to between ten and twenty people during a two hour period that night. The three men carried a side of beef into a grocery store owned by a man who had inspected the contents of their car moments before. They also appeared to be making an agreement to sell something to a man named Polly, the manager of Pete's Fish Fry King. The men then drove away.
These activities reasonably aroused the suspicion of Sergeant Evans and justified his issuance of a request for other police officers to stop the vehicle. The circumstances of this case indicate that there was probable cause to search the vehicle in that the conduct of the three men indicated that criminal activity was more probable than non-criminal activity. State v. Herbert, supra. The discovery of the meat in the car coupled with a report from police headquarters that three sides of beef had been stolen that evening justified the arrest of the defendant and the other two men. This assignment of error is without merit.

*190 ASSIGNMENT OF ERROR # 2
Defendant claims that the trial judge erred in denying his motion to quash the bill of information. This motion was based on the fact that the defendant was unable to inspect the meat in question prior to its disposal. This allegedly prevented the defendant from preparing a defense as to the value of the meat which is an essential element of this crime.
During the motion to quash hearing, the trial judge cited the case of State v. Clark, 414 So.2d 737 (La.1982) which states that the unavailability of evidence for further testing does not prejudice defendant's right to a fair trial so as to warrant a dismissal of the prosecution. Although the Clark case dealt with the destruction of evidence and the instant case deals with the consumption of evidence, the cases are analogous in that the evidence is no longer available for examination.
The State had the burden of proving the value of this stolen property. Photographs were taken of the meat and introduced at trial. Because the meat was a perishable item, it could not be retained indefinitely for inspection by the parties. This would have resulted in further financial hardship for the victim of this crime. The defense had an adequate opportunity to cross-examine witnesses who testified as to the value of the meat. Furthermore, the most pertinent fact in this case is that the defendant was ultimately convicted of a lesser crime than that charged in the bill of information. Rather than being found guilty of possession of stolen property valued in excess of $500.00, he was only found guilty of possession of stolen property valued in excess of $100.00, but less than $500.00. Defendant was successful on cross-examination in showing that the value of the meat may have been less than $500.00 but all testimony indicated that the value of the meat was undoubtedly in excess of $100.00. Therefore, the defendant was not prejudiced by his inability to examine the property in question and this assignment of error is without merit.

ASSIGNMENT OF ERROR # 3
Defendant also contends that the trial judge erred in allowing the State's witnesses Sergeant Evans and Bobby Drain to testify as to the weight of the property in question. According to La.R.S. 15:463:
Except as otherwise provided in this Code, the witness can testify only as to facts within his knowledge, and neither as to any recital of facts heard by him, nor as to any impression or opinion that he may have.
In this case, Drain testified that he had carried sides of beef similar to the ones in question and that he estimated their weight to be between 120 and 180 pounds. Sergeant Evans actually lifted one of the sides of beef in question and estimated its weight to be at least 200 pounds. Therefore, the testimony from these two witnesses was based upon their personal knowledge. Additionally, Gordon Brock, the fresh meats manager at Bar "S" Foods testified that the average weight for the sixty sides of beef in the truck was 126 pounds. Even if any of this testimony was improper, it did not prejudice the defendant because he was convicted of a lesser offense than that charged. Accordingly, this assignment of error is without merit.

ASSIGNMENT OF ERROR # 4
In his fourth assignment of error, the defendant contends that the trial court imposed an unconstitutionally excessive sentence. This argument has been divided into three categories:
(1) the defendant was punished for exercising his right to trial
(2) the trial judge relied upon improper and incorrect matters in sentencing the defendant and failed to grant defense counsel an opportunity to rebut and explain these improper and incorrect matters
(3) the trial judge failed to properly consider the items set forth in La.C.Cr.P. Art. 894.1 and failed to individualize the sentence to the defendant
As for this first category, the defendant was offered an eighteen month sentence as *191 a plea bargain arrangement prior to trial. The defendant refused to accept this sentence and opted to proceed to trial. The defendant received a four year sentence following trial based in part on the fact that he was a multiple offender.
In the case of Frank v. Blackburn, 646 F.2d 873 (5th Cir.1980), the court acknowledged that a defendant cannot be punished simply for exercising his constitutional right to stand trial. However, the court held that the mere imposition of a longer sentence than defendant would have received had he pleaded guilty does not automatically constitute such punishment. A state is free to encourage guilty pleas by offering substantial benefits to a defendant, or by threatening an accused with more severe punishment should a negotiated plea be refused. Frank v. Blackburn, supra.
"It is equally clear that a defendant is free to accept or reject the "bargain" offered by the state. Once the bargain whether it be reduced charges, a recommended sentence, or some other concessionis rejected, however, the defendant cannot complain that the denial of the rejected offer constitutes a punishment or is evidence of judicial vindictiveness." Frank v. Blackburn, supra.

The Louisiana Supreme Court held that a trial judge's preconviction offer of a lenient sentence should not be viewed as setting a limit for the justifiable sentence after conviction. State v. Barkley, 412 So.2d 1380 (La.1982). The trial judge in this case was additionally justified in imposing a longer sentence in that he learned shortly before sentencing that the defendant had two prior convictions.
As for the second category of this assignment of error, defendant claims that it was error for the trial judge to rely on facts presented at trial which implicated the defendant in the actual theft of the meat. The essence of defendant's argument is that he was being sentenced for a crime for which he had not been charged. While the defendant in the instant case was not convicted of another charge, facts implicating his involvement in another crime were considered by the trial judge in imposing sentence. The defense objects to the following remarks made by the trial judge at the sentencing hearing:
"I note for the record that the Court has learned an additional relevant factor, more particularly, concerning the burglary of the truck, proximity in location of the truck where this defendant was found to be in possession of the meats. The time frame that had elapsed from the brief period of time of the burglary of the truck and this defendant being found in possession and further that this defendant has a prior conviction for burglary that occurred even before this plea of guilty to the felony of receiving stolen property charge which, in the court's mind, is relevant in terms of looking at the criminal history of this defendant, more particularly, that now there is three felony convictions in a relatively short period of time." Sentencing Tr. pp. 7-8.
It is obvious from a reading of the entire sentencing hearing transcript that the main reason for the strict sentence imposed by the trial judge was that the defendant had two prior convictions. The reference to the defendant's possible implication in the theft of the meat in question was mere rumination on the part of the trial judge. If the verbalization of his suspicions on this subject was error, it was harmless in light of the judge's strong reliance on defendant's prior criminal record as justification for a more severe sentence.
Thirdly, the defendant contends that the trial judge failed to comply with La.C.Cr.P. Art. 894.1 in particularizing the sentence to the offense and the offender. In this case, the trial judge clearly did not comply with the 894.1(C) guideline in that he did not "state for the record the considerations taken into account and the factual basis therefor in imposing sentence". However, the reviewing court generally does not remand for resentencing, despite lack of Article 894.1 compliance, when the record plainly supports the sentence imposed. State v. Day, 391 So.2d 1147 (La. *192 1980). A review of the record indicates that the sentence given was warranted and was not excessive.
This assignment of error is without merit.

ASSIGNMENT OF ERROR # 5
Finally, the defendant contends that the evidence presented at trial was insufficient to support a guilty verdict. The defendant was charged with La.R.S. 14:69 which is defined as follows:
Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.
The standard of review is set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), as follows: Viewing the evidence in the light most favorable to the prosecution, a rational juror could conclude that the defendant is guilty of the crime charged beyond a reasonable doubt. When circumstantial evidence is involved, La.R.S. 15:438 requires:
Assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.
In this case, evidence was presented which established that three sides of beef were stolen from a truck shortly before the defendant and two other men were seen attempting to sell three sides of beef. The meat in the defendant's possession matched the description of the meat stolen from the truck owned by Blankenship Transportation. Testimony at trial indicated that the value of the meat was in the $400-$500 range. The fact that the defendant and his cohorts were attempting to sell the meat out of the trunk of a car on a Sunday evening indicates that they knew or should have known that the meat was stolen. The defendant and the other two men were found in possession of the meat when they were stopped by police. These facts satisfy the Jackson standard and support the conviction of the defendant. This assignment is without merit.
For the reasons discussed above, we affirm the defendant's conviction and sentence.
AFFIRMED.