LOBRANO, Judge.
Defendant, Atropin Simmons, was charged by bill of information with crime against nature, a violation of La.R.S. 14:89.[1] He was arraigned on July 7, 1983 and entered a plea of not guilty. Defendant requested a jury trial. On November 15, 1983, a six person jury found the defendant guilty as charged.
On November 23, 1983, defendant was sentenced as a multiple offender under La. R.S. 15:529.1 to four years in the custody of the Louisiana Department of Corrections with credit for time served.
Defendant briefed no specific assignments of error. Assignments of error neither briefed nor argued are deemed waived on appeal. State v. Kenner, 384 So.2d 413 (La.1980). Defendant requests this court to review the record for errors patent as required by La.C.Cr.P. Art. 920(2). The Supreme Court holding in State v. Raymo, 419 So.2d 858 (La.1982), also requires review of a record for “sufficiency of evidence” under Jackson v. Virginia, 443 U.S. 307, 309, 99 S.Ct. 2781, 2783, 61 L.Ed.2d 560 (1979), and State v. Edwards, 400 So.2d 1370 (La.1981), regardless of whether counsel has moved for a directed verdict or a new trial or filed a formal assignment of error. Accordingly, this record has been so reviewed.
The bill of information was in proper form and signed by the district attorney. The trial court acted appropriately in that the defendant was present and represented by counsel at his arraignment, jury selection, trial and sentencing. The composition of the jury was proper as required by La.C. Cr.P. Art. 782 as well as the vote to convict. The verdict was responsive to the charge. The sentence was legal and all appropriate delays were accorded the defendant in accordance with statutory parameters. As to the “Sufficiency of the evidence”, the following facts and testimony were adduced at trial:
Vice Squad Officer, John C. Auster, testified that on June 1, 1983, he was driving in a lake-bound direction on Barracks Street in New Orleans at approximately 1:00 a.m. When he stopped at Dauphine Street, the defendant waved him to pull over. The defendant then walked up to the driver’s side of the car, leaned in the window and using street terms asked the officer if he was looking for sexual services. The officer responded that he was liberal minded but a little nervous. Defendant suggested that the officer drive around the block to decide and if they could reach a price they could do business. Officer Aus-ter drove around the block and returned to the corner. Defendant got in the car and they started a conversation. After making small talk, the defendant stated that his price would be fifteen dollars to either have anal intercourse with the officer or to allow the officer to perform fellatio. Auster *1269 agreed to the price and allegedly began to drive to a hotel. Instead, he drove to where his fellow vice squad officers were waiting with a tape recorder on which they had monitored and taped the entire conversation. Defendant was then arrested. The tape was admitted into evidence.
During his trial, defendant took the stand and testified that he was entrapped by Auster. He claimed he was “lured” over to the car and offered a ride. However, on cross examination he admitted he was never touched by Auster, got into the car of his own free will, and was first to mention sex and establish a price.
After a careful review of the record we find there are no errors patent. All the evidence presented at trial established that the defendant voluntarily solicited unnatural carnal copulation for compensation. Reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the essential elements of crime against nature were proved beyond a reasonable doubt. Jackson v. Virginia, supra; State v. Fuller, 414 So.2d 306 (La.1982). Defendant’s conviction and sentence are affirmed.
AFFIRMED.

. La.R.S. 14:89
"A. Crime against nature is:
(1) ...
(2) The solicitation by a human being of another with the intent to engage in any unnatural carnal copulation for compensation.”