KNOLL, Judge.
Defendant appeals his conviction and sentence for solicitation with the intent to commit unnatural carnal copulation for compensation, a violation of LSA-R.S. 14:89 A (2). Defendant waived trial by jury and was found guilty as charged after a bench trial. After waiving sentencing delays, defendant was sentenced to three years at hard labor, subject to credit for time served on this charge. We affirm.
FACTS
On the night of November 22, 1986, Michael Minzey, a reserve deputy employed by the Lafayette Parish Sheriff’s Office, was patroling the Four Comers area in Lafayette on an undercover vice crimes detail because of citizen complaints about solicitation in that vicinity. The officer was driving through the area and noticed a young man, later identified as defendant, standing on the comer. The deputy drove around the block and parked his truck on the side of the street. Defendant gestured to the deputy to pull up to him, entered the track and engaged in conversation with the deputy. Defendant asked the officer whether he had any money. The deputy responded that he had $35. Defendant *578 then offered to perform fellatio upon him in exchange for the $35. At that point Deputy Minzey signalled nearby police officers who arrested defendant.
SUFFICIENCY OF THE EVIDENCE
Defendant argues that the evidence produced at trial was insufficient to support a guilty verdict. Defendant emphasizes that the deputy’s testimony was uncorroborated, that the conversation is subject to various interpretations, and that no evidence was produced of any physical act to suggest defendant’s intent to engage in unnatural carnal copulation for compensation.
The standard for appellate review in determining the sufficiency of the evidence is, whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Williams, 457 So.2d 902 (La.App. 3rd Cir.1984), writ denied, 461 So.2d 313 (La.1984).
LSA-R.S. 14:89 A (2) defines crime against nature as: “The solicitation by a human being of another with the intent to engage in any unnatural carnal copulation for compensation.” To support a conviction for crime against nature in the case sub judice, the State must prove that defendant solicited another person with the intent to engage in unnatural carnal copulation for compensation. State v. Wallace, 466 So.2d 714 (La.App. 4th Cir.1985). The trier of fact is entitled to rely upon common knowledge and experience in determining whether the prosecution proved essential elements of the crime beyond a reasonable doubt. State v. Pruitt, 482 So.2d 820 (La.App. 4th Cir.1986), writ denied, 488 So.2d 1018 (La.1986). The question of credibility of witnesses lies within the sound discretion of the trier of fact. State v. Klar, 400 So.2d 610 (La.1981).
In the present case, Deputy Minzey was the only witness for the State. He testified that defendant entered his “undercover” vehicle, and offered to perform oral sex upon him for $35.
Defendant, relying on State v. Simmons, 455 So.2d 1267 (La.App. 4th Cir.1984), argues that the testimony of one officer without corroborating evidence is insufficient to support a conviction. In Simmons the undercover officer’s testimony was corroborated by a tape which monitored his conversation; defendant’s conviction in that case did not turn on whether the testimony was corroborated. Other cases have upheld convictions based on uncorroborated testimony of undercover officers. State v. Pruitt, supra; State v. Williams, 450 So.2d 724 (La.App. 4th Cir.1984). While the State’s case would have been stronger with corroboration, we can not say that the trier of fact abused its sound discretion in accepting the testimony of Deputy Minzey.
Defendant misinterprets LSA-R.S. 14:89 in arguing that the evidence is insufficient to convict because he made no overt physical act which would suggest an intent to engage in unnatural carnal copulation. LSA-R.S. 14:89 proscribes as criminal the solicitation of another with the intent to engage in unnatural carnal copulation for compensation. State v. Woljar, 477 So.2d 80 (La.1985). Clearly, defendant’s assertion improperly adds an element of the offense not required in the provisions of LSA-R.S. 14:89.
Finally, defendant argues that he used a common slang term for the offense in his conversation with Deputy Minzey, and that this slang term is subject to various interpretations which would not necessarily include any illegal intent in defendant’s activity. We have reviewed the record, and find this contention is without support.
Therefore, we find that viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded that the State proved beyond a reasonable doubt that defendant solicited the deputy with an intent to engage in unnatural carnal copulation for compensation.
EXCESSIVENESS OF SENTENCE
Defendant contends that the sentencing judge failed to comply with LSA-C. *579 Cr.P. Art. 894.1 by not articulating reasons for the sentence and by failing to consider mitigating factors in the imposition of an excessive sentence. We disagree.
LSA-C.Cr.P. Art. 894.1 provides criteria for consideration in determining whether a sentence is excessive and mandates that the trial court shall state for the record the consideration taken into account and the factual basis therefor in imposing sentence. State v. Cox, 369 So.2d 118 (La.1979). The sentencing court need not articulate every mitigating and aggravating circumstance, however the record should reflect that the sentencing judge considered the guidelines in particularizing the sentence. State v. Aucoin, 500 So.2d 921 (La.App. 3rd Cir. 1987). A sentence imposed by the sentencing court which falls within statutory limitations may still be unconstitutionally excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is deemed excessive if it either makes no measurable contribution to acceptable penal goals and therefore is nothing more than a purposeless imposition of pain and suffering, or if it is grossly out of proportion to the severity of the crime. State v. Cann, 471 So.2d 701 (La.1985).
In the case sub judice the maximum sentence defendant could have received for violation of LSA-R.S. 14:89 is a fine of $2,000 or imprisonment, with or without hard labor, for not more than five years, or both. The sentence imposed upon defendant was three year’s imprisonment at hard labor.
In the present case the sentencing judge referred to defendant’s rap sheet in the sentencing colloquy. Failure to adequately comply with Article 894.1 does not necessitate vacating the sentence or warrant a remand for re-sentencing if the record illumines and supports the sentencing choice. State v. Davis, 499 So.2d 729 (La.App. 3rd Cir.1986).
Defendant’s rap sheet shows that he is 22 years of age and lists numerous arrests for theft, forgery, battery, disturbing the peace, unauthorized use of movables and two arrests which were related to soliciting for prostitution and unnatural sex acts. Defendant’s record further indicates that he was twice placed on probation and had probation revoked on each occasion for involvement in criminal activities. On two occasions in the prosecution of the present offense, defendant failed to appear for arraignment and bench warrants were issued. These factors establish that defendant was not entitled to a suspended sentence. Furthermore they indicate that defendant is unlikely to respond favorably to probationary treatment, and that he is in need of correctional treatment in an institutional setting. Moreover, defendant’s criminal conduct has been consistent and recurring. Although the sentencing judge failed to adequately comply with Article 894.1, we conclude that since defendant’s sentence is in the mid-range of sentencing possibilities and the record supports the sentence imposed, a remand for re-sentencing is not required.
Therefore, this assignment of error lacks merit.
DECREE
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.