PER CURIAM.
Defendant, Altona Ray Williams, was charged with two counts of forgery, violations of LSA-R.S. 14:72, and also, in a separate bill of information, accused of illegal possession of stolen things, LSA-R.S. 14:69 B(2). Pursuant to a plea bargain, the latter charge and one count of forgery were dismissed in return for defendant pleading guilty to the remaining count of forgery. As part of the plea agreement, the state recommended a maximum sentence of no more than five years.
Defendant now appeals, contending the subsequently imposed sentence of three years at hard labor is excessive. Finding an inadequate statement of sentencing considerations and that the record is devoid of the factual basis for the trial court’s decision, we vacate the sentence imposed and remand for resentencing in accordance with law.
FACTS
On or about December 17, 1988, the defendant forged or transferred two forged instruments drawn on the account of Linda Thomas. One check was written to Kwik Pantry in the amount of $20.00 and dated December 17, 1988; a second check, written to Barn’s Handy Dandy in the amount of $16.00, was also dated December 17, 1988.
DISCUSSION
Defendant asserts that the trial court, by failing to state for the record those considerations taken into account and the factual basis for the sentence, did not comply with LSA-C.Cr.P. Art. 894.1. Further, defendant argues that the sentence imposed is excessive and an arbitrary infliction of severe punishment.
It is well settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest *261 abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied, 439 So.2d 1074 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983).
The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied, 435 So.2d 438 (La.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Nealy, 450 So.2d 634 (La.1984); State v. Smith, 433 So.2d 688 (La.1983); State v. Knighton, 449 So.2d 1171 (La.App. 2d Cir.1984); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied, 438 So.2d 1112 (La.1983).
Failure to adequately comply with Art. 894.1 does not automatically necessitate vacating the sentence or warrant a remand for resentencing if the record illumines and supports the sentencing choice. State v. Broussard, 527 So.2d 577 (La.App. 3rd Cir.1988). Articulation of a factual basis for a sentence is the goal of LSA-C. Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982).
Upon review the present record fails to reflect the factual basis for the sentencing choice or that the trial court adequately considered the LSA-C.Cr.P. Art. 894.1 guidelines. In sentencing defendant, the trial judge stated:
I have reviewed your pre-sentence with Mr. Smith. You are not a stranger to the Court system. You have continually been involved in criminal activity. For the protection of society, and to deter you from any further criminal activity, and others who may be similarly situated, the Court finds that you are in desperate'need of incarceration.
He then sentenced defendant as indicated previously. No mention was made of the defendant’s age, marital status or employment history.
Nor do we find reference in the record to the facts which gave rise to the present offense. Further, although the trial judge mentioned a pre-sentence investigation report which alluded to the criminal history of defendant, there has been no such report filed in the record.[1] Consequently, there is scant indication of the extent and type of prior criminal conduct involved. It is clearly possible to envision a criminal history which would more than adequately support the sentence imposed. However, we cannot find that the record presently before this court demonstrates compliance with LSA-C.Cr.P. Art. 894.1. Rather, it fails to illumine the factual basis for the sentencing of this defendant. Where neither the trial court’s statement of sentencing reasons nor the record itself sets forth the factual basis for the considerations taken into account, we are unable to adequately review defendant’s contention that the sentence imposed is excessive. Consequently, under such circumstances, the sentence must be vacated. See State v. Walters, 412 So.2d 1388 (La.1982); State v. Williams, 396 So.2d 296 (La.1981).
CONCLUSION
Based upon the foregoing, defendant’s sentence is vacated and the ease is remanded for re-sentencing in compliance with LSA-C.Cr.P. Art. 894.1.
SENTENCE VACATED; REMANDED FOR RESENTENCING.

. A letter from the trial judge, filed into the record before this court, indicates that the allusion to a PSI arose from a discussion conducted with the probation officer. Our appreciation is that there has been no written pre-sentence investigation report.