622 So.2d 836 (1993)
STATE of Louisiana
v.
Carlos ALAS.
No. 93-CA-236.
Court of Appeal of Louisiana, Fifth Circuit.
July 27, 1993.
John M. Mamoulides, Dist. Atty., Dorothy Pendergast, Asst. Dist. Atty., 24th Judicial Dist., Gretna, for plaintiff-appellee.
Gerry Deegan, New Orleans, for defendant-appellant.
Before BOWES, DUFRESNE and WICKER, JJ.
DUFRESNE, Judge.
The defendant, Carlos Alas, was charged by Bill of Information with theft of currency valued at over $500.00 but less than $1,697,237 in violation of LSA R.S. 14:67. He pled not guilty and after pre-trial motions, was tried by a six-man jury and found guilty as charged. On August 19, 1992, after waiving all delays the defendant was sentenced to ten (10) years at hard labor and fined $3,000. This appeal followed and the appellant alleges four assignments of error:
1. The trial court erred in denying appellant's Motion for a Mistrial premised upon the State's repeated references to defendant's post-arrest silence.

*837 2. The trial court erred in denying appellant's Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), challenge to the State's exercise of peremptory challenges.
3. The trial court imposed an excessive sentence.
4. Appellant assigns all patent errors.

FACTS
Appellant, Carlos Alas, assumed the duties of the Chief Financial Officer of West Jefferson General Hospital (now West Jefferson Medical Center) in 1982 and was officially given the title in 1985. While serving the hospital in that capacity, he embezzled over $1,600,000.00 from the hospital between 1983 and 1988.
During the six year period, Alas was in charge of the hospital's investment portfolio, and the stolen money was skimmed from the interest income on those investments. The theft involved a scheme whereby appellant would alter the face value of the interest income checks and make a photocopy of the altered checks to be used as the hospital's accounting record for those transactions. Alas then deposited the difference between the altered amount and the actual amount into an unauthorized bank account which he established and controlled. The name on the account was West Jefferson General Hospital, C.U. Alas would deposit interest checks written to the hospital into that account and later withdraw the money for personal use. The theft was not discovered until 1989 following Alas' abrupt disappearance in December of 1988.
Alas testified on his own behalf. He admitted altering the checks and depositing hospital checks into the unauthorized account; however, he denied that he personally benefitted from the theft. He claimed that the entire scheme was implemented at the direction of David Smith, the president of the hospital. Alas stated that Smith told him to create a cash fund but did not indicate how the fund was to be financed. In response to this alleged order from Smith, Alas developed the interest skimming scheme to fund the cash account. He alleges that all of the money withdrawn from the account was given to Smith, and any money deposited into defendant's personal bank account from the West Jefferson General Hospital, C.U. account was strictly for the repayment of loans he made to the account.
On rebuttal, David Smith denied these allegations.
ASSIGNMENT OF ERROR NO. ONE
Here the appellant asserts that the trial judge should have granted his Motion for Mistrial because the State made impermissible references to the defendant's post arrest silence. Appellant relies on Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). In Doyle, the United States Supreme Court held that because post-arrest silence is "insolubly ambiguous" and the use of that silence by the prosecution to impeach an exculpatory story offered at trial is fundamentally unfair and a deprivation of due process. Doyle, 426 U.S. at 617-18, 96 S.Ct. at 2244-2245.
Appellant asserts that the State made improper references to defendant's post-arrest silence at three phases of the trial. The alleged Doyle violations were committed during the State's direct examination of FBI Agent Eric Johnson, during the cross examination of the defendant, and during the State's closing argument, although the State referred to the fact that the defendant did not waive his rights after being properly advised. The defendant did make a spontaneous statement. Since Alas made a statement after being read his Miranda warning Doyle does not apply. Nevertheless, even if the questioning constituted a Doyle violation, it was harmless error. The testimony of Agent Johnson was not used to indicate that Alas wished to remain silent, but to show he made a spontaneous statement after being advised of his rights. Thus, the trial court was correct in denying the mistrial and further this questioning did not contribute to the verdict due to the evidence of guilt presented to the jury.
The other references by defense counsel to be reviewed for possible Doyle violations were not objected to by defense counsel at *838 trial; thus, the defendant is now precluded from raising these errors on appeal. See LSA:C.C.P. art. 841.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
Appellant contends that the state exercised two of its peremptory challenges to exclude the only Hispanic surnamed individual and one black male from the jury. Counsel for the defense asserts that the challenge violated Batson v. Kentucky, supra.
During jury selection the following exchange occurred:
MR. DEEGAN:
Objection, Your Honor. I base my objection on Batson versus Kentucky. Based on the State, I'm alleging prejudice.
THE COURT:
I can't conclude what race or nationality, because
MR. DEEGAN:
I just want it on the record.
THE COURT:
It's on the record, yes.
MR. KELLY:
Let me just state: I don't know how much more objective we can be. I count two people, one white and one black, for obviously the same reason.
I don't know how I can be more even handed than that.
MR. DEEGAN:
I can understand that.
THE COURT:
It's been raised and I see no basis, and note objection of defense.
It appears from this exchange that the trial court determined that the defendant failed to make a prima facie showing of discrimination.
Counsel for the defense merely objected to the State's peremptory challenges without presenting any argument to support his objection. The record does reflect the ultimate composition of the jury, and nothing in the record demonstrates a pattern of excluding member of any specific race from the jury.
Appellant relies on Hernandez v. New York, ___ U.S. ___, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) to support his assertion that he does not have to prove the establishment of a prima facie case; however, defendant's reliance on Hernandez is misplaced in the present case. In Hernandez, the Supreme Court wrote:
Once a prosecutor has offered a race-neutral explanation for the peremptory challenges and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether the defendant had made a prima facie showing becomes moot.
Thus, the defendant's burden of making a prima facie showing is only moot where the state offers a race neutral explanation and the trial judge rules on the ultimate question of intentional discrimination. In the present case, neither has occurred. The comment by the State was merely a response to appellant's objection, not an attempt to offer a race neutral explanation. Also, the judge did not rule on the ultimate issue because the State never presented a race-neutral reason for the judge to consider. Thus, it is apparent that the only ruling by the judge was that the defendant did not establish a prima facie case of discrimination.
Consequently, the record is devoid of any relevant circumstances, beyond the fact that the defendant was Hispanic and the State challenged one juror with an Hispanic surname and one black juror.
The assignment of error is without merit.
ASSIGNMENT OF ERROR NO. THREE
The defendant contends that the trial court imposed an excessive sentence. Alas was convicted of theft in violation of LSA-R.S. 14:67 and he was sentenced to ten (10) years at hard labor with credit for time served and a $3,000 fine.
Appellant failed to file a motion to reconsider his sentence as required by LSA-C.Cr.P. art. 881.1(D), thus he is now precluded from raising this issue on appeal. LSA-C.Cr.P. art. 881.1(D) as amended by Acts 1991, No. 38, § 1, provides:

*839 Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
See State v. Morgan, 612 So.2d 302 (La. App. 5th Cir.1992) and cases cited therein.
ASSIGNMENT OF ERROR NO. FOUR
Appellant has requested we review the record for errors patent.
A review of the record reveals an error in the transcript. The sentencing transcript, unlike the minutes and the commitment, fails to reflect that the trial judge gave defendant credit for time served. Such allowance is mandatory. LSA-C.Cr.P. art. 880; State v. Sherman, 532 So.2d 908 (La.App. 5th Cir.1988).
Therefore, it is ordered that the sentencing transcript be amended to give the defendant credit for time served.

DECREE
For the foregoing reasons, the conviction is affirmed and the sentence is amended and affirmed.
AMENDED AND AFFIRMED.