708 So.2d 1272 (1998)
STATE of Louisiana
v.
Nawassah J. RICHMOND.
No. 97-KA-1225.
Court of Appeal of Louisiana, Fifth Circuit.
March 25, 1998.
*1273 Laurie A. White, New Orleans, for Defendant/Appellant.
Paul D. Connick, Jr., District Attorney, Alison Wallis, Assistant District Attorney, Gretna, for Plaintiff/Appellee.
Before GAUDIN, WICKER and DALEY, JJ.
DALEY, Judge.
Defendant, Nawassa J. Richmond, appeals her conviction and sentence for a violation of LSA-R.S. 14:89(A)(2), crime against nature by soliciting unnatural carnal copulation for compensation. On appeal, she argues that the evidence was insufficient to support her conviction. She also argues that her sentence was excessive. We affirm the conviction and find the sentence is not excessive.
On July 8, 1996, the Jefferson Parish District Attorney's Office charged the defendant with a crime against nature by soliciting unnatural carnal copulation for compensation, in violation of LSA-R.S. 14:89. The defendant was arraigned on October 18, 1996, at which time she pled not guilty. On April 18, 1997, the defendant filed a Motion to Appoint a Sanity Commission. On May 29, 1997, a sanity hearing was held, and the trial court found the defendant competent to stand trial. The defendant was tried before a jury of six on July 24, 1997. On that date the jury returned a unanimous verdict of guilty as charged.
On August 29, 1997, the defendant was sentenced to serve five years at hard labor with credit for time served. The defendant filed a timely appeal.

FACTS
Detective Daniel Wright of the Jefferson Parish Sheriff's Office Vice Squad testified that on June 27, 1997, while working undercover on Airline Highway, he observed a female standing in front of the LaVillage Motel on Manson Avenue in Metairie. Detective Wright alerted his cover team and stopped his car in front of the motel. The defendant entered his car and asked him "are you the police?" Detective Wright answered, "no," and started to drive off towards Airline Highway. He testified that the defendant then told him that she needed rent money. Detective Wright asked her "how much" and she replied "different things *1274 cost different money." He told the defendant that he had twenty dollars in his pocket and asked what he could get for it. The defendant replied "a head job," which the detective understood to refer to oral sex. At that time, the detective gave his pre-arranged signal to the cover team. The cover team officer approached Detective Wright's car and asked the defendant to get out. Detective Wright got out of the car and identified himself as a police officer, and the defendant was arrested and taken into custody.
Detective Shane Gurovich corroborated Detective Wright's testimony and told the jury that the procedure used in this arrest is the general method used in all prostitution arrests. Based on the foregoing testimony, the jury found the defendant guilty as charged.

ASSIGNMENT OF ERROR NUMBER ONE
The defendant argues that the evidence was insufficient to support her conviction for solicitation for a crime against nature. Specifically, she argues that there was no evidence of the transaction other than the officers' testimony. She also argues that no money was exchanged. Defendant emphasizes that the deputy's testimony was uncorroborated.
The standard for appellate review in determining the sufficiency of the evidence is, whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Williams, 457 So.2d 902 (La.App. 3rd Cir.1984), writ denied, 461 So.2d 313 (La.1984).
LSA-R.S. 14:89 A(2) defines crime against nature as: "The solicitation by a human being of another with the intent to engage in any unnatural carnal copulation for compensation." To support a conviction for crime against nature the State must prove that defendant solicited another person with the intent to engage in unnatural carnal copulation for compensation. State v. Wallace, 466 So.2d 714 (La.App. 4th Cir.1985). The trier of fact is entitled to rely upon common knowledge and experience in determining whether the prosecution proved essential elements of the crime beyond a reasonable doubt. State v. Pruitt, 482 So.2d 820 (La. App. 4th Cir.1986), writ denied, 488 So.2d 1018 (La.1986). The question of credibility of witnesses lies within the sound discretion of the trier of fact. State v. Klar, 400 So.2d 610 (La.1981).
The defendant argues that the state did not show that her actions met the elements of the crime because there was no evidence of the transaction. Detective Wright testified that the defendant offered to give him a "head job" in exchange for twenty dollars. He testified that in his nineteen years of experience on the vice squad, the last three specifically in prostitution cases, he understood a "head job" to refer to oral sex. Oral sex is considered unnatural carnal copulation for the purposes of the statute. State v. Grubbs, 93-2559 (La.App. 4 Cir. 10/25/94), 644 So.2d 1105.
In State v. Broussard, 527 So.2d 577 (La. App. 3 Cir.1988), the court found the detective's uncorroborated testimony regarding defendant's actions sufficient to satisfy the elements of the statute. In the instant case, the jury found the detective's testimony to be credible and believed his version of the events leading up to the defendant's arrest.
Furthermore, the plain language of LSA-R.S. 14:89(A)(2) does not require that money be actually exchanged; it is enough that the defendant mentioned the financial aspect. State v. Baxley, 93-2159 (La.2/28/94), 633 So.2d 142.

ASSIGNMENT OF ERROR NUMBER TWO
Defendant argues that her sentence was excessive in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article I, § 20 of the *1275 Louisiana Constitution of 1974.[1]
A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Bradham, 94-71 (La.App. 5 Cir. 5/31/94), 638 So.2d 428. The trial judge has wide discretion in imposing sentences within the statutory limits, and sentences will not be set aside as excessive absent manifest abuse of that broad discretion. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Riche, 608 So.2d 639 (La.App. 5 Cir.1992), writ denied, 613 So.2d 972 (La.1993).
The Louisiana Supreme Court addressed the issue of sentencing in State v. Robicheaux, 412 So.2d 1313, 1319 (La.1982), noting:
Trial judges are granted great discretion in imposing sentences, but even sentences within statutory limits may be excessive under certain circumstances. State v. Jones, 398 So.2d 1049 (La.1981); State v. Spencer, 374 So.2d 1195 (La.1979). Sentences must be individualized to be compatible with the offenders as well as the offenses. In deciding whether to confine a defendant or grant probation, the judge must consider certain factors enumerated in La.C.Cr.P. art. 894.1(A), (B). State v. Jones, supra. This article entitles the defendant to such an articulation and represents a legislative attempt to guide the trial judge in thoughtfully imposing an appropriate sentence under the facts and circumstances of the particular case. Also this serves as an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Ramos, 390 So.2d 1262 (La.1980).
The court should consider three factors in reviewing a judge's sentencing discretion: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Smith, 520 So.2d 1252 (La.App. 5 Cir.1988), writ denied, 523 So.2d 1320.
During the sentencing hearing, the trial court stated the following reasons for sentencing:
The Court:
My problem is what you have that we know from the hearing that was heard in this court when your medical conditions were discussed at your sanity commission, that in the past you have gone back out and done the things that you do, which now can mean a death sentence to someone else because of what you carry around inside your body. And that's the problem that scared the heck out of me.
In the past, you've gone back out. I don't as a human being, I have a lot of compassion for you and I'm sorry, but, also, I have a lot of compassion and I worry about people out there who are not ill right now, who can be protected.
So the only thing I feel that I can do is sentence you to the full five years at hard labor, order that you be given credit for any time you served.
One of the medical conditions to which the judge referred is defendant's status as HIV-positive.
The trial court sentenced the defendant to 5 years at hard labor. This Court *1276 must ensure that the defendant's sentence was individualized and tailored to her and the particular offense she committed. State v. Lathers, 414 So.2d 678 (La.1982), appeal after remand, 444 So.2d 96 (La.1983). Although not every aggravating and mitigating circumstance needs to be articulated, the record must show the sentencing court adequately considered the sentencing guidelines. State v. Marshall, 660 So.2d 819 (La.1995).
The defendant argues that her sentence was excessive because there was insufficient evidence to support her conviction. The defendant further argues that her sentence was excessive because it was based, in part, on her HIV status. It appears that the trial court noted, at the sanity hearing, the defendant's prior activity of having "gone back out and done the things you do."
Prior criminal activity is one of the factors to be considered by the trial judge in sentencing a defendant. The written report from Richmond's sanity examination shows that defendant admitted to the examining psychiatrist that she was currently serving a two year probation for a previous conviction for solicitation for oral sex. The record does reflect that the defendant was aware of her HIV status before commission of the instant crime.
The defendant finally argues that her sentence was excessive in light of her medical condition. The record reflects that the defendant is suffering from seizures, HIV infection, and a congenital condition called Arteriovenous Malformation, an abnormal collection of blood vessels in her brain. The defendant also advised the court that she was preparing to go into surgery for a brain infection. She told the court that the surgery would require a few months of rehabilitation and would result in partial memory and sensory loss.
Defendant's sentence, which is for the maximum amount of time under the statute[2], seems harsh in light of no admitted evidence of past convictions, other than the history defendant related at the sanity examination. However, the trial judge noted that defendant committed the instant offense after she knew that she was HIV positive.
The sentence imposed given the facts in this case is not constitutionally excessive.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] A review of the record reveals that the defendant failed to file a motion to reconsider sentence. Under LSA-C.Cr.P. art. 881.1, failure to make or file a motion to reconsider sentence precludes review of the sentence. State v. Alas, 622 So.2d 836 (La.App. 5 Cir.1993), writ denied, 629 So.2d 397. However, in State v. Allen, 93-838 (La.App. 5 Cir. 5/13/94), 638 So.2d 394, writ granted, 646 So.2d 390 (La.1994), writ recalled, 651 So.2d 1343 (1995) where the defendant failed to file a motion to reconsider sentence, this court held that "out of an abundance of caution" it would consider the merits of the defendant's excessiveness argument.
[2] This sentence is not, however, the maximum exposure under LSA-R.S. 14:89, as the court could have additionally imposed a fine of up to $2000.