930 So.2d 1196 (2006)
STATE of Louisiana, Appellee
v.
Derrell MENDENHALL, Appellant.
No. 40,986-KA.
Court of Appeal of Louisiana, Second Circuit.
May 19, 2006.
*1197 Louisiana Appellate Project by James E. Beal, Jonesboro, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Charles A. Smith, Marcus Ray Patillo, Assistant District Attorneys, for Appellee.
Before BROWN, STEWART & PEATROSS, JJ.
PEATROSS, J.
Defendant, Derrell Mendenhall, pled guilty to attempted distribution of marijuana. He was sentenced to five years at hard labor. For the reasons stated herein, the guilty plea and sentence are vacated and the matter is remanded to the trial court for further proceedings.

FACTS AND BACKGROUND
Before accepting Defendant's plea to attempted distribution, the trial judge advised Defendant that he had the right to a trial by jury and the right to remain silent and not to incriminate himself. The trial judge then informed Defendant that "[a]t the trial the DA would have to prove the case beyond a reasonable doubt. Your attorney would cross-examine the DA's witnesses." The district attorney read the charge to which Defendant pled guilty, stating that Defendant attempted to distribute marijuana to a confidential informant who approached Defendant in his home and asked for $20 "worth of weed." The trial judge asked Defendant's counsel if he thought that his client understood "his rights" and freely waived them. Counsel responded affirmatively, and the guilty plea was entered.

DISCUSSION

Assignment No. 1: The trial court failed to fully advise the defendant of his right to confront and cross-examine his accusers
Defendant argues that the guilty plea should be vacated because he was never fully advised of his right of confrontation as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). He also claims that he was never informed of the identity of the confidential informant to whom Defendant sold marijuana.

Right of Confrontation
In order for a guilty plea to be valid, it is necessary for the accused to make a knowing and intelligent waiver of three constitutionally guaranteed fundamental rights. Those rights are the privilege against compulsory self-incrimination, the right to trial by jury and the right to confront one's accusers. Boykin, supra; State v. Jones, 28,929 (La.App.2d Cir.4/2/97), 691 So.2d 858. The third right in the trilogy is guaranteed by the Confrontation Clause of the Sixth Amendment to the United States Constitution which provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."
In addition, La.C.Cr.P. art. 556.1(A)(3) provides, in pertinent part, as follows:
A. In a felony case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:

*1198 * * *
(3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself. (Emphasis added.)
A guilty plea will not be considered free and voluntary unless, at the very least, the court advises the defendant of the triad of rights as enunciated in Boykin, supra, and Louisiana law. Indeed, an express and knowing waiver of those rights must appear on the record, and an unequivocal showing of a free and voluntary waiver cannot be presumed. Boykin, supra; State v. Morrison, 599 So.2d 455 (La.App. 2d Cir.1992). Furthermore, the trial court cannot rely on an assumption that defense counsel adequately informed the defendant of his rights. State v. Williams, 384 So.2d 779 (La.1980); Morrison, supra.
As previously stated, the Sixth Amendment provides that, in all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him. Here, during the colloquy, the trial judge advised Defendant that he had the right to a trial by jury and the right to remain silent and not to incriminate himself and that, "[a]t the trial the DA would have to prove the case beyond a reasonable doubt. Your attorney would cross-examine the DA's witnesses."[1] When the two statements by the trial judge are read together, it is obvious that the trial court was referring to Defendant's right to cross-examine adversarial witnesses presented by the State. The statement that the State would have to prove the case beyond a reasonable doubt implies that the State would have to present evidence, including witnesses. To find, however, that these statements suffice as an advisement to Defendant of his right to confront his accusers is tenuous. Given the totality of the warning statements given, we find that the trial judge failed to adequately advise Defendant of his right to confrontation.[2] Without a knowing and intelligent waiver of this constitutionally guaranteed fundamental right, the guilty plea is invalid and must be vacated.
In light of our finding that Defendant's guilty plea must be vacated and the matter remanded, we pretermit any discussion of his argument concerning discovery of the identity of the confidential informant and his second assignment of error concerning his sentence.

DECREE
Defendant, Derrell Mendenhall, was not adequately advised of his constitutional right of confrontation. The guilty plea entered by him is, therefore, invalid. For *1199 this reason, the conviction and sentence of Defendant are hereby vacated and the matter is remanded to the trial court for further proceedings.
CONVICTION AND SENTENCE VACATED; REMANDED FOR FURTHER PROCEEDINGS.
BROWN, C.J., dissents with written reasons.
BROWN, Chief Judge, dissenting.
The precise question presented by the defendant in this appeal was that "[T]here is no indication anywhere in the record that the defendant was made aware of the fact that he was entitled to know the identity of, and cross-examine, the confidential informant, the very person accusing him of the crime for which he was sentenced to five years at hard labor. Therefore, the guilty plea was not knowingly and intelligently made and should be vacated . . ."
The majority opinion does not respond to this issue; instead, it speaks only to the discourse or language used by the trial court in taking the guilty plea. Whether a defendant is entitled to the name of the confidential informant is not an issue at a guilty plea. A guilty plea waives all non-jurisdictional defects in the proceedings and precludes review of such defects either by appeal or post-conviction relief. A request for and the denial of the identification of the confidential informant is such a non-jurisdictional defect. In State v. Crosby, 338 So.2d 584 (La.1976), the Louisiana Supreme Court decided for the first time that a defendant could enter a guilty plea and reserve his right to appellate review of alleged non-jurisdictional errors; however, absent a prejudicial error patent on the face of the record, a defendant who pleads guilty waives his right to obtain appellate review if he does not object at the time of the alleged erroneous ruling and conditions the guilty plea on a right to appeal the ruling. In the instant case, no request for the identity of the informant was made. Thus, no objection or reservation was perfected.
Further, I disagree that the dialogue between the trial court and defendant was not sufficient under Boykin. One would have thought that after so much time and litigation that the requirements for a valid guilty plea would be carried out as a matter of second nature. As reflected by this appeal, this is apparently not the case. Boykin makes clear that a plea of guilty cannot stand unless the record demonstrates that it was freely and intelligently entered. A silent record will not suffice. Rather, the trial court must actively participate in canvassing the matter with the accused. To insure such a record, Boykin requires the trial court to expressly enumerate three rights that must be waived by the accused prior to accepting a guilty plea. As spelled out by Boykin, these rights are to a jury trial, against self-incrimination, and to confront your accusers. The rule does not call for a recitation of a formula by rote or the spelling out of every detail by the trial court.
The majority has found that the trial court did not sufficiently inform defendant of the right to confront his accusers. I disagree. Black's Law Dictionary provides that the word "confrontation" in criminal law "does not mean merely that the witnesses are to be made visible to the accused, but imports the constitutional privilege to cross-examine them." The word "confrontation" is alone sufficient to convey both sight of and confrontation of the witness.
In this case, the trial court said that "the DA would have to prove the case beyond a reasonable doubt (and) your attorney would cross-examine the DA's witnesses." As the word "confrontation" means both seeing the witness and questioning on cross-examination, so does "cross-examination" *1200 include the necessity of looking at the witness. This is simply common sense. Thus, I disagree with the majority's statement that the trial court, although noting the right to cross-examine, failed to advise of the right to see the witnesses. Such a pedantic and limited interpretation of the word "cross-examination" is unwarranted.
I respectfully dissent.
NOTES
[1] In the case sub judice, the minutes state that Defendant was advised of his right to "confront accusers," but, when there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983).
[2] We note that, in a factually different case, the Louisiana Supreme Court has explained that the Sixth Amendment provides "two types of protections for a criminal defendant: the right physically to face those who testify against him, and the right to conduct cross-examination." State v. Welch, 99-1283 (La.4/11/00), 760 So.2d 317. While Welch involved a defendant's right to physically confront a witness during trial, rather than an advisement during a guilty plea colloquy, this explanation of the Sixth Amendment right has been cited by this court in a case discussing the sufficiency of a trial judge's Boykinization of a defendant during the taking of a guilty plea. See State v. Anderson, 34,491 (La. App.2d Cir.4/4/01), 784 So.2d 749, writs denied, 01-1431 (La.4/12/02), 812 So.2d 666 and 01-2429 (La.5/24/02), 816 So.2d 303.