942 So.2d 1181 (2006)
STATE of Louisiana, Appellee,
v.
John KENNEDY, Jr., Appellant.
No. 41,388-KA.
Court of Appeal of Louisiana, Second Circuit.
October 16, 2006.
*1182 Carey J. Ellis, Louisiana Appellate Project, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, R. Lane Pittard, Assistant District Attorneys, for Appellee.
Before BROWN, GASKINS, and PEATROSS, JJ.
BROWN, Chief Judge.
Defendant, John Kennedy, Jr., originally charged with three counts of aggravated incest, a violation of La. R.S. 14:78.1, was allowed to plead guilty to one count of sexual battery, a violation of La. R.S. 14:43.1. The victims were minors, defendant's niece and nephew. Defendant agreed to cooperate with the authorities regarding similar charges against his brother and father, who are the father and grandfather of the children involved. Defendant was sentenced to ten years at hard labor without benefit of parole, probation, or suspension of sentence. Following the denial of his motion to reconsider sentence, defendant filed the instant appeal, urging excessiveness of the sentence imposed by the trial court. Finding that the record failed to state the factual basis for the trial court's sentencing decision, we vacate the sentence and remand for sentencing in compliance with La. C. Cr. P. art. 894.1.

Discussion
Sentencing
Louisiana Revised Statute 14:43.1 provides that whoever commits the crime of sexual battery shall be punished by imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence for not more than ten years.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.05/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.05/12/04), 873 So.2d 939. La. Const. Art. 1 § 20 prohibits cruel, excessive, or unusual punishment. The jurisprudence has defined excessive punishment as grossly disproportionate to the harm committed and shocking to the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
According to the initial bill of information the alleged crimes were committed between December 2002 and November 2003. The children's ages ranged between seven and ten years. Beyond the bill of information there is little, if any, factual *1183 information contained in the record.[1] The state's recitation of facts at the guilty plea was unenlightening. The trial court's sentencing colloquy was equally inadequate.
Louisiana Code of Criminal Procedure article 894.1 sets forth sentencing guidelines that are to be followed by the trial court. As provided by subsection (C) of article 894.1, it is required that the sentencing court state for the record the considerations taken into account and the factual basis therefor in imposing sentence. (Emphasis added). The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. Art. 894.1, not rigid or mechanical compliance with its provisions. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Kemp, 39,358 (La. App.2d Cir.03/11/05), 896 So.2d 349, writ denied 05-0937 (La.12/09/05), 916 So.2d 1052.
After reviewing defendant's pre-sentence investigation report ("PSI"), the trial court imposed the maximum sentence for sexual battery. The court stated that in December of 2004, after his father and brother had been arrested for abusing these children, defendant called Detective Wyatt of the Bossier City Police Department to confess. The court did not state the content of this alleged "confession." Classifying the crime committed by defendant as heinous and involving small children while in a position of trust, the trial court emphasized the benefit defendant gained by entering into the plea agreement with the state and the fact that his original maximum sentencing exposure for three counts of aggravated incest was 60 years at hard labor. The trial court acknowledged reading the PSI and that defendant was a first time felon with no significant misdemeanor record. Of particular significance are these summarizing statements in the PSI report:
In [defendant's] statement to the Judge, he denies any wrongdoing and denies that he did anything to the victim, but he is the one who came to the police and confessed to "fondling" them without being questioned about it. All three victims listed on the Bill of Information deny that [defendant] did anything to them. (Emphasis added).
Except for the statement in the PSI report, that defendant and the victims denied any culpability on the part of defendant, there is no meaningful information from which this court could either piece together the content of defendant's confession or find any corroborating evidence of that confession. This record falls woefully short of providing a factual basis for the sentence imposed. See State v. Williams, 557 So.2d 260 (La.App. 2d Cir.1989). Thus, we are unable to adequately review defendant's contention that the sentence imposed is excessive. We emphasize that we are not saying that the sentence is or is not excessive. In light of the above, we are constrained to set aside defendant's sentence and send this matter back to the trial court for resentencing in compliance with C. Cr. P. art. 894.1.
Error Patent
After a review of the record, we find no error patent, i.e., an error discoverable *1184 by a mere inspection of the pleadings and proceedings and without inspection of the evidence. C.Cr.P art. 920. The dissent, however, does find such an error in the guilty plea colloquy. Thus, we will address that issue.
Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), requires the trial court to expressly enumerate three rights that must be waived by the accused prior to accepting a guilty plea. As spelled out by Boykin, these rights are to a jury trial, against self-incrimination, and to confront one's accusers. The rule does not call for a recitation of a formula by rote or the spelling out of every detail by the trial court.
The dissent directs its attention to the explanation of the right to confront one's accusers and, citing State v. Mendenhall, 40,986 (La.App.2d Cir.05/19/06), 930 So.2d 1196, concludes that the trial court's statement was inadequate in that it did not say that "defendant could physically face those who testify against him." In the case sub judice, the trial court followed the Judges Bench Book's format as did the trial court in State v. Mendenhall, supra. We note that the Mendenhall case was a decision signed by two judges with one dissent.
The Judges Bench Book, prepared by the Louisiana Judicial College, provides a transcript format for a felony guilty plea as follows:
If you plead not guilty, you have a right to a jury trial. The state must produce the witnesses against you and prove your guilt beyond a reasonable doubt. At that trial, you have the right to cross-examine those witnesses. You cannot be compelled to testify against yourself or to present any evidence. (Emphasis added).
Black's Law Dictionary provides that the word "confrontation" in criminal law "does not mean merely that the witnesses are to be made visible to the accused, but imports the constitutional privilege to cross-examine them." The word "confrontation" is alone sufficient to convey both seeing and cross-examination of a witness.
In this case, the trial court told defendant of his right to jury trial and that he, through his attorney, would "have the right to cross-examine all the state's witnesses." As the word "confrontation" means both visibility of a witness and his or her questioning on cross-examination, it follows logically that "cross-examination" necessarily includes the defendant "seeing" the witnesses as his or her attorney conducts that witness's cross-examination. This is simply common sense. We find no problem with the judge's colloquy which tracks the recommended language set forth in the Judges Bench Book.

Conclusion
For the foregoing reasons, we vacate defendant's sentence and remand the matter for resentencing in accordance with La. C. Cr. P. art. 894.1.
SENTENCE VACATED; REMANDED FOR RESENTENCING.
PEATROS, J., dissents with written reasons to follow.
NOTES
[1] Defendant was arrested in December 2004. On February 22, 2005, defendant filed a motion through his attorney to reduce his $600,000 bond. This motion was never ruled on. A bill of information was filed against defendant on February 25, 2005. On March 2, 2005, defendant filed a pro se motion for release claiming that the grand jury refused to indict him. This motion to release was denied due to the filing of a bill of information. Thereafter, defendant pled guilty on August 1, 2005, and was sentenced on January 6, 2006.